## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

DEVERICK SCOTT                                                    PLAINTIFF
ADC #131042

v.                            No. 2:12-cv-229-DPM

RAY HOBBS, Director, Arkansas Department
of Correction; DANNY BURL, Warden, East Arkansas
Regional Unit, ADC; DEXTER PAYNE, Assistant
Warden, East Arkansas Regional Unit, ADC;
TODD BALL, Assistant Warden, East Arkansas
Regional Unit, ADC; TYRONE WASHINGTON,
Lieutenant, East Arkansas Regional Unit, ADC;
ROOSEVELT BARDEN, Officer, East Arkansas
Regional Unit, ADC; JANICE BOGAN–HALL,
Officer, East Arkansas Regional Unit, ADC;
TIFFANY SPARKMAN, Officer, East Arkansas
Regional Unit, ADC; ZONNIE BURNELL, Nurse,
East Arkansas Regional Unit, ADC; STORMI
SHERMAN, Nurse; GERALDINE CAMPBELL,
Nurse, East Arkansas Regional Unit, ADC;
CHARLOTTE GARDNER, Grievance Officer,
East Arkansas Regional Unit, ADC; CORIZON,
INC.; WENDY KELLEY, Assistant Director, ADC;
DEBRA HORTON, Medical Grievance Officer,
East Arkansas Regional Unit, ADC; and ARKANSAS
DEPARTMENT OF CORRECTION                          DEFENDANTS

### ORDER

1. Appointed counsel's unopposed motion for fees and non-taxable

expenses, № 190, is granted. The Court awards a reasonable attorney's fee of

$1,125.00, which is 150% percent of Scott's damages. *Keup v. Hopkins*, 596 F.3d

899, 905 (8th Cir. 2010). The Court directs the Clerk to pay counsel his out-of-pocket travel and postage expenses totaling $304.69 from the Library Fund. LOCAL RULE 83.6. They're reasonable. The Court further directs the Clerk to put a copy of this Order, and counsel's motion, № 190, in the Fund's records. Daggett is relieved as appointed counsel with the Court's thanks for his good work.

Considering Washington's and Barden's culpability for Scott's harm, their ability to pay his attorney's fees, the need to encourage protection of prisoners and avoid excessive force, the merits of the parties' positions, and the modesty of both the damages and appointed counsel's fees, $1.00 of the damages awarded against each defendant shall be paid toward appointed counsel's fees rather than to Scott directly. *Kahle v. Leonard*, 563 F.3d 736, 742–43 (8th Cir. 2009); *Boesing v. Spiess*, 540 F.3d 886, 892 (8th Cir. 2008).

**2.** Scott's *pro se* motion for post-judgment relief, № 189, is denied for these reasons.

**Lawyer issues.** Scott's request for his lawyer's removal is moot. His ineffective-assistance claim fails because he has no constitutional right to

counsel in a civil case like this one; the Sixth Amendment right to defense counsel in criminal cases is not implicated.

**New trial.** No meritorious ground for a new trial is presented. FED. R. CIV. P. 59(a)(1)(B) and (2). The evidence supports the Court's decision, *Peerless Corporation v. United States*, 185 F.3d 922, 927 (8th Cir. 1999), and there was nothing unfair about all the defendants being in the courtroom during trial — the law requires their presence. FED. R. EVID. 615.

**Alter or amend judgment.** Nor has Scott offered a good reason to alter or amend the Judgment. FED. R. CIV. P. 59(e). The Court sees no manifest error of law or fact in its ruling, and all of Scott's "new" evidence was known when his case was tried. *United States v. Metropolitan St. Louis Sewer District*, 440 F.3d 930, 933 (8th Cir. 2006).

In general, Scott argues that the Court should have weighed the evidence differently and that other evidence would have made a difference in his favor. But in a bench trial the Court is the one who must judge the evidence. *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 574–75 (1985). And many of Scott's evidentiary complaints are really about the Court's granting various motions to tailor the proof and focus the trial. № 185.

The internal-investigation materials were excluded for good reason. Yet much of Scott's argument springs from those materials.

In summary, Scott is not entitled to any post-judgment relief—he won, though the damages awarded were less than he believes he's entitled to. Disappointment is not a sufficient basis for a new trial.

**3.** Scott's motion for copies, № 192, is granted. The Court directs the clerk to send Scott copies of № 188, 189, 190, 192, the complete docket sheet, and this Order.

\* \* \*

Motion, № 189, denied. Motion, № 190, granted. Motion, № 192, granted. The Court will enter an Amended Judgment with specifics about the attorney's fee.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

22 October 2015

-4-